UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD SEATON,

        Plaintiff,                     Case No. 1:10-cv-595

v.                                          Honorable Robert Holmes Bell

PATRICIA L. CARUSO et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. The action originally was filed in the Eastern District of Michigan and was transferred to this Court. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying the PLRA standards, Plaintiff's action will be dismissed as frivolous because it is barred by the doctrine of res judicata.

I. Factual Allegations

Plaintiff presently is incarcerated at the Newberry Correctional Facility but complains of events that occurred at the Oaks Correctional Facility (NRF). In his *pro se* complaint, Plaintiff sues Patricia Caruso, Richard Stapleton, James Armstrong, (unknown) Sova, Robert McCary, (unknown) Picardat, G. Surma, (unknown) Schiebner #1, Elizabeth Buren, (unknown) Schiebner #2, Robert Sanders, Jason Thomas, (unknown) Shockley, M. E. McDonald, Rick Sharp, M. Haske, T. Ball, Cindi Curtin and an (unknown) second shift commander.

Plaintiff's complaint concerns two major misconduct tickets. Plaintiff discusses the most recent misconduct ticket first in his complaint. In July 2008, Officer Sova unlocked Plaintiff's cell for half-time yard movement and Plaintiff proceeded to go to the prison yard. Officer Sova, however, stopped Plaintiff and told him to return to his cell. When Plaintiff protested, Officer Sova gave him a direct order to go and lock up. Plaintiff requested the assistance of Assistant Resident Unit Supervisor (ARUS) McCary but McCary refused. Plaintiff continued to exit his housing unit despite Sova's order. Officer Picardat, however, prohibited Plaintiff from entering the yard. Plaintiff was eventually escorted to the segregation housing unit.

While in segregation, Plaintiff stopped Officer Surma to determine who authorized his placement in segregation. Surma informed Plaintiff that Officer Sova wrote a major misconduct ticket against him for disobeying a direct order. Plaintiff complained that his actions did not fit the definition of disobeying a direct order because there was not a valid reason for Plaintiff to return to his cell during yard time as Plaintiff did not present a threat to the safety or the security of the facility. Plaintiff argues that he should have been charged with a minor misconduct for violating a housing unit rule. Plaintiff also asserts that Officer Sova should have written the misconduct ticket

before Plaintiff was sent to segregation. Plaintiff finally claims that Surma falsified Plaintiff's misconduct report.

On July 5, 2008, Plaintiff requested that Hearings Investigator Schiebner #1 certify Sova's direct order as an official act of the MDOC and include the definition of disobeying a direct order as evidence. Schiebner #1 refused. On July 9 and 15, 2008, Defendant Buren held Plaintiff's misconduct hearings. As to the hearings, Plaintiff claims that Buren wrongly admitted a statement from Officer Lemire regarding the incident. Plaintiff also alleges that Buren introduced evidence from the Hearing Handbook that was inconsistent with the MDOC's definition of disobeying a direct order. Buren found Plaintiff guilty of the offense. Plaintiff was sanctioned with twelve days of detention and twelve days loss of good-time credits. Defendants Sanders and Thomas then placed Plaintiff in administrative segregation, supposedly in violation of Michigan law.

Soon thereafter, Plaintiff moved for a rehearing. Defendant Stapleton denied Plaintiff's request for rehearing on October 13, 2008. Plaintiff claims that Stapleton should have disqualified himself from reviewing his appeal because he wrote the Hearing Handbook.

Plaintiff filed four grievances regarding his 2008 misconduct and one grievance for the subsequent change in his security classification. Those grievances were denied at each step in the three-step grievance process. Plaintiff alleges that Defendants Shockley, McDonald, Haske, Ball, Curtin and Armstrong wrongly denied those grievances.

Plaintiff received the other major misconduct ticket on April 26, 2007 from ARUS Schiebner #2 when Plaintiff refused to remove his soap dish and reading glasses from the top of his footlocker. Plaintiff argues that (1) noncontraband items on top of a footlocker fall under the minor misconduct rules; (2) MDOC policy does not permit housing unit rules to be enforced by direct

orders; and (3) MDOC policy prohibits staff from arbitrarily changing minor misconduct charges to major misconduct charges. Plaintiff also alleges that Hearings Investigator McDonald violated Plaintiff's due process rights by withholding evidence that would have shown that Plaintiff was not guilty of the misconduct charge.

On May 9, 2007, Defendant Buren held a hearing on the major misconduct charge. Buren found Plaintiff guilty and sanctioned Plaintiff with a loss of privileges for five days. Buren then wrote the Major Misconduct Hearing Report. Plaintiff claims that the report contains several false and misleading facts and conclusions. Plaintiff moved for a rehearing. On October 26, 2007, Defendant Stapleton denied Plaintiff's motion. Plaintiff alleges that Stapleton did not address the issues in his appeal. Plaintiff also objected to the use of the Hearing Handbook as evidence.

Finally, Plaintiff alleges that Defendant Caruso failed to ensure that the officers under her supervision were properly trained. Plaintiff argues that Caruso should have known that prisoners were being punished without due process and in violation of the Equal Protection Clause.

In summary, Plaintiff alleges violations of his rights under the Due Process Clause, Equal Protection Clause, Ex Post Facto Clause and Eighth Amendment. Plaintiff also claims that Defendants engaged in a conspiracy and violated state law and MDOC policies. For relief, Plaintiff requests monetary damages and injunctive relief, including expungement of the major misconduct convictions and restoration of Plaintiff's good-time credits.

II.     Res Judicata

The allegations in the instant complaint are similar to those set forth in *Seaton v. Sova et al.*, Case No. 1:08-cv-1131, docket #9 (W.D. Mich. July 10, 2009). In that action, Plaintiff sued the same nineteen Defendants for violating his rights under the Due Process Clause, the Ex Post

Facto Clause and the Equal Protection Clause as to the same 2007 and 2008 major misconduct convictions as in the present action. In the previous action, the court found that Plaintiff did not have a constitutional right to an effective grievance process, failed to allege any involvement by Patricia Caruso that would make her liable as a supervisor, and failed to state claims for assault and battery and for his placement in segregation. *See Seaton*, Case No. 1:08-cv-1131, docket #9 (W.D. Mich. July 10, 2009). The court dismissed all of Plaintiff's claims against the nineteen prison officials with prejudice for failure to state a claim. *Id.* The Sixth Circuit affirmed the decision on February 4, 2010. *See id.*, Order, docket #23.

The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at *1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen,* 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The three elements of res judicata are satisfied in this case. First, Plaintiff previously filed a nearly identical action in this Court, which was dismissed on July 10, 2009, for failure to state a claim. *See Seaton*, Case No. 1:08-cv-1131, docket #9. The claims in the previous case therefore were fully adjudicated and determined to be without merit. Second, in the instant action, Plaintiff sues the same nineteen Defendants named in the previous case. Third, the claims asserted in both cases concern the same 2007 and 2008 major misconduct convictions. Because the claims in the instant case either are the same as those presented in the previous action or could have been litigated in the previous action, the third element has been met. As a result, Plaintiff's claims in the instant action are barred by res judicata.

A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim barred by the doctrine of res judicata lacks an arguable basis in law. *See Murray v. Reed*, No. 02-2458, 2003 WL 21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Taylor v. Reynolds*, No. 01-5059, 2001 WL 1450693, at *1 (6th Cir. Nov. 8, 2001) (same). Accordingly, Plaintiff's action will be dismissed as frivolous.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because it is barred by the doctrine of res judicata.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>December 1, 2010</u>   /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE